IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Civil Action No. 2:26-cv-00343-WSS

WANG,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

_____/

## DEFENDANT'S MOTION FOR LEAVE TO APPEAR REMOTELY VIA VIDEOCONFERENCE AT THE PRELIMINARY INJUNCTION HEARING

Defendant QUFA Accessory Store, by and through undersigned counsel, respectfully moves this Court for leave to appear remotely via videoconference (Zoom or the Court's designated platform) at the preliminary injunction hearing scheduled for March 10, 2026. In support of this motion, Defendant states as follows:

1. This is a design paent infringement action involving multiple Schedule A Defendants, most of whom are foreign entities located in China. Defendant QUFA Accessory Store is a foreign seller with its principal place of business in China. All employees of QUFA Accessory Store are living in China.

2. The Court has scheduled a hearing on Plaintiff's motion for preliminary injunction for March 18, 2026. See ECF No. 18.

3. Undersigned counsel, Jianyin Liu, has been admitted *pro hac vice* to represent Defendant QUFA Accessory Store in this matter (see ECF No. 21).

4. Good cause exists to permit remote appearance via videoconference for the following reasons:

### a. Significant Financial and Logistical Burden on Undersigned Counsel

Undersigned counsel resides and maintains an office in Miami, Florida. Travel to Pittsburgh for the hearing would impose substantial financial costs, including round-trip airfare, ground transportation, lodging, meals, and lost billable time. Travel would require at least two days away from the office, during which time undersigned counsel would need to bill the client for non-productive travel hours. Defendant QUFA Accessory Store is a small business with limited financial means, and imposing such costs would create an undue hardship, equivalent to strip it a chance to defend itself with strong evidence. Remote appearance would eliminate these unnecessary costs while still allowing full and effective representation.

### b. Logistical Impossibility for Potential Corporate Representative Travel

A corporate representative of Defendant QUFA Accessory Store might choose to testify in the hearing, if necessary. He is currently located in China. Obtaining a U.S. visa (typically B-1/B-2 visitor visa) for the purpose of attending a court hearing generally requires an interview at a U.S. consulate or embassy in China. The current processing time for such visa applications is frequently 6 months or longer, with no guarantee of approval. Given the hearing is scheduled for March 18, 2026 — only a short time from now — it is logistically impossible for any corporate representative to obtain a visa and travel to Pittsburgh in time. Requiring in-person appearance would effectively deny Defendant meaningful participation.

### c. Efficiency and Access to Justice

Remote appearance via Zoom would enable undersigned counsel (and, if necessary, the corporate representative via videoconference) to fully participate without the prohibitive burdens

described above.

### d. Nature of the Hearing

The preliminary injunction hearing primarily involves legal argument and review of declarations and evidence already submitted. Defendant has crucial evidence of prior sales of the products with alleged design, which can be effectively presented remotely through screen-sharing or document submission. No complex evidentiary presentation requiring in-person presence is anticipated. Counsel and corporate representative both can effectively participate remotely, ensuring due process and full advocacy.

### e. No Prejudice to Plaintiff or the Court

Remote appearance will not prejudice Plaintiff or impair the Court's ability to conduct a fair and orderly hearing. The Court can observe counsel, manage proceedings, and ensure technical reliability through its established Zoom protocols.

5. Undersigned counsel will ensure full compliance with any technical requirements (stable internet connection, quiet environment, proper lighting, muted when not speaking) and will test connectivity in advance. Counsel is available to coordinate with the Court's IT staff or courtroom deputy if necessary.

6. No prior motion for remote appearance has been filed in this case, and this request is made promptly upon notice of the hearing date.

**WHEREFORE**, Defendant QUFA Accessory Store respectfully requests that the Court grant leave for undersigned counsel (and, to the extent necessary or desired, a corporate representative of Defendant) to appear remotely via videoconference at the preliminary injunction hearing on March 18, 2026, and grant such other and further relief as the Court

deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq. (*Pro Hac Vice*)
Florida Bar No. 1007675
The Law Offices of James Liu, PLLC
15750 SW 92nd Ave, Unit 20C
Palmetto Bay, FL 33157
Email: jamesliulaw@gmail.com
Phone: (305) 209-6188

Date: March 11, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notification to all registered participants.

/s/ Jianyin Liu