IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XIAOQIAO WANG,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

Defendants.

_____/

Civil Action No. 2:26-cv-00343-WSS
JURY TRIAL DEMANDED
FILED UNDER SEAL

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR (1)
ENTRY OF TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY
INJUNCTION AND TEMPORARY ASSET RESTRAINT, (2) EXPEDITED DISCOVERY
ORDER, AND (3) ORDER TO SHOW CAUSE WHY A
<u>PRELIMINARY INJUNCTION SHOULD NOT ISSUE</u>**

Defendant LIYUEKJ (Amazon Seller ID：AZ9SNBRW25P9D) ("Defendant"), one of

the entities identified in Schedule A to the Complaint, by and through undersigned counsel,

respectfully opposes Plaintiff's *ex parte* Motion for a Temporary Restraining Order ("TRO"),

including a temporary injunction and temporary asset restraint, an expedited discovery order, and

an order to show cause why a preliminary injunction ("PI") should not issue (the "Motion"). For

the reasons set forth below, the Motion should be denied in its entirety.

**INTRODUCTION**

Plaintiff Xiaoqiao Wang seeks extraordinary ex parte relief based on alleged infringement

of either of the two design patents: U.S. Design Patent No. D1,074,348 S (filed May 31, 2024)

and U.S. Design Patent No. D1,074,372 S (filed August 22, 2024, as a continuation of the '348

Patent) (collectively, the "Asserted Patents"), both claiming an ornamental design for a "string trimmer handle." However, Plaintiff has failed to demonstrate a likelihood of success on the merits, as the Asserted Patents are invalid due to (1) prior third-party sales of substantially identical designs before the patents' filing dates, triggering the on-sale bar under 35 U.S.C. § 102(a)(1); and (2) the claimed designs being primarily functional rather than ornamental, rendering them unprotectable under 35 U.S.C. § 171.

Moreover, Plaintiff cannot show irreparable harm, as any alleged infringement stems from invalid patents, and the balance of equities and public interest weigh against granting relief that would disrupt legitimate commerce. *Ex parte* relief is particularly unwarranted here, where Plaintiff has not shown that Defendants will dissipate assets or evade service, and the requested asset freeze and expedited discovery are overbroad and unsupported.

## FACTUAL BACKGROUND

1. The Asserted Patents and Claimed Design. The Asserted Patents claim an ornamental design for a string trimmer handle, depicted in eight drawing sheets showing perspective, front, rear, side, top, and bottom views. The design features an ergonomic extension handle with a bracket clamp for attachment to a trimmer shaft, intended to reduce strain during lawn trimming and landscaping. Broken lines in the drawings disclaim portions of the handle that form no part of the claimed design. The '348 Patent was filed on May 31, 2024, and the '372 Patent on August 22, 2024. See below for main figure of the two patents.



**Figure 1: Plaintiff's `348 Patent (left) and `372 Patent (right)**

2. Prior Third-Party Sales. Publicly available evidence demonstrates that substantially identical string trimmer handle designs were on sale by third parties on Amazon.com well before the Asserted Patents' filing dates. Pictures and comparison will be demonstrated below.

These products have accumulated customer reviews dating back to 2023, confirming public availability and sales prior to Plaintiff's filings. For example, reviews for ASIN B0CBM5SHGR include feedback from July and August 2023, praising the handle's ergonomic design and ease of attachment—features central to the claimed design. These are not Plaintiff's products but third-party offerings under brands like LOVYNO, which predate and anticipate the Asserted Patents.

3. Functionality of the Design. The claimed design is dictated primarily by functional considerations, such as providing an ergonomic grip to reduce back strain, an extension for better reach, and a clamp for secure attachment to the trimmer shaft. These elements are essential to the handle's utility in lawn care and landscaping, rather than serving an ornamental purpose. The second portion of the design (e.g., the grip and extension) is similarly functional and non-protectable.

4. Defendant's Activities. Defendant operates an Amazon storefront selling lawn care accessories, including string trimmer handles. Defendant's products do not infringe any valid patent rights, as the Asserted Patents are invalid. Defendant has not concealed its identity or evaded service; it operates transparently on Amazon and has no history of asset dissipation.

## ARGUMENT

A TRO or PI requires Plaintiff to show: (1) a likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that relief serves the public interest. *NutraSweet Co. v. Vit-Mar Enters., Inc*., 176 F.3d 151, 153 (3d Cir. 1999). *Ex parte* relief demands a heightened showing of imminent, irreparable harm and why notice would undermine the relief. Fed. R. Civ. P. 65(b)(1). Plaintiff fails on all fronts.

## I. PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS BECAUSE THE ASSERTED PATENTS ARE INVALID.

### A. The Asserted Patents Are Invalid Under the On-Sale Bar Due to Prior Third-Party Sales.

Under 35 U.S.C. § 102(a)(1), a patent is invalid if the claimed invention was "on sale" before the effective filing date. Third-party sales of substantially identical designs before filing constitute invalidating prior art, with no one-year grace period for non-inventor activities. *See Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, 108 F.4th 1373, 1378 (Fed. Cir. 2024) (private third-party sales can bar patentability under AIA § 102(a)(1)); *Abbott Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999) (third-party sales invalidate regardless of intent).

Here, third-party Amazon listings show sales of handles with the same overall ornamental appearance—ergonomic extension, clamp, and grip—as the claimed design, starting in June and July 2023.

**a) LOVYNO Store on Amazon**

LOVYNO Store started selling Grip Trimmer Handel with identical design to both Asserted Patents as early as on September 7, 2023. *See* Figure 1 and 2 below.



Weed Eater Handle, Grip Trimmer Handle Ergonomic Trimmer Grip Extension with Bracket Clamp for Weeder Lawn Trimmer Grip (Silver)

Visit the LOVYNO Store
4.4 ★★★★☆ (356)  |  Search this page
50+ bought in past month

$15.99
Price history

Pay $15.99 $6.20 after using available Prime Visa rewards points.

✓prime Tomorrow



Q

★★★★★ **Must have**

Reviewed in the United States on September 25, 2023

Color: Silver | **Verified Purchase**

This item is a must-have especially if you have a tall person using a weed eater. My son is 6 9 and he used to have to slouch when he used the weed eater. Well, not anymore this is an excellent product I'm not sure how we went so long without it. It was easy to install very durable and fits well on our Echo weed eater. The product is made well and looks nice. This is a must-have hurry up and buy

( Helpful )   | Report

**Figure 1: LOVYNO Store Design[1] and Customer Review[2]**

**b) ZZM Store on Amazon**

ZZM started selling the identical design handler back in June 2023. See below Figure 3[3]



and 4.[4]

**Figure 3: Product Design of ZZM Store on Amazon**

---

[1] Available at https://www.amazon.com/LOVYNO-Trimmer-Ergonomic-Extension-Landscaping/dp/B0CBM5SHGR/ref=cm_cr_arp_d_product_top?ie=UTF8&th=1, last visited Mar. 13, 2026.

[2] Available at https://www.amazon.com/product-reviews/B0CBM5SHGR/ref=cm_cr_getr_d_paging_btm_prev_7?ie=UTF8&pageNumber=7, last visited Mar. 13, 2026.

[3] Available at https://www.amazon.com/Ergonomic-Trimmers-Extension-Landscaping-Trimming/dp/B0C5CZKYWN/ref=cm_cr_arp_d_product_top?ie=UTF8, last visited Mar. 13, 2026.

[4] Available at https://www.amazon.com/product-reviews/B0C5CZKYWN/ref=cm_cr_getr_d_paging_btm_next_5?ie=UTF8&pageNumber=5, last visited on Mar. 13, 2026



Joe Reeser

★★★★☆ **Buy it!**

Reviewed in the United States on September 27, 2023

**Verified Purchase**

This handle probably isn't as heavy duty as some of the others but it's not nearly the price, either. I'm just a guy who does my own lawn and at 6'2 and 67 years old, weed trimming was quite rough on my back. Not anymore. This works great and is good enough for the occasional use around the yard.

I only gave it 4 stars because the mounting bracket won't work as-is on some trimmers. I have a Troy Bilt TB252S Straight Shaft and the metal shaft was too small for both rubber bushings that come with this. However, I put one layer of 1-1/4" strip of emery cloth around the closest fitting bushing and it now works very well. The handle stays tight and doesn't slip.

At twenty bucks, you can't beat this deal.

6 people found this helpful

Helpful | Report

★★★★★ **Eliminate Back Pain When Trimming**

Reviewed in the United States on July 5, 2023

**Verified Purchase**

I can't believe I waited so long to purchase this product. Using my Stihl string trimmer always left my back aching by the time I finished. As a tall person standing at 6'5", I struggled to find tools or equipment designed for my height. Thankfully, this extension handle has solved that problem for me. Since installing the handle, I've cut the grass twice without any back pain. Attaching the handle is a breeze, thanks to the two different size bushings provided. One of them fit perfectly on my Stihl trimmer shaft. Once the handle was attached, I made three adjustments while walking around with it to ensure maximum comfort. I believe this handle should work with any string trimmer, and I would definitely purchase this product again.



11 people found this helpful

**Figure 4: Customer Reviews Back in June & September of 2023.**

**B. One Year Bar Does Not Apply**

A design is unpatentable if it was "on sale" in the United States more than one year before the filing date, or at any time before filing if the sale is by a third party not deriving from the inventor. 35 U.S.C. § 102(a)(1). For design patents, a prior sale anticipates if the product embodies the claimed design such that an ordinary observer would find them substantially the same. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009).

Here, the ZZM product (ASIN B0C5CZKYWN, titled "Ergonomic Trimmers Extension Handle for Landscaping Trimming") was offered for sale on Amazon starting around June 12, 2023—nearly a year before Plaintiff's filing. This product features the same ergonomic extension handle, bracket clamp, shoulder strap harness, and overall visual appearance as the claimed design, including the grip shape, extension curvature, and attachment mechanism. Customer reviews from 2023 confirm actual sales and public availability, with feedback on its functionality for lawn trimming and back strain reduction dating back to that period (e.g., reviews praising ease of installation and use on brands like Stihl or Echo trimmers). These elements match the claimed design under the ordinary observer test, as no purchaser would distinguish them.

In the prosecution history of `348 Patent, the patentee Wang responded to USPTO's examiner's non-final rejection based on prior art of Yomoho reference. *See* Exhibit A for USPTO's Non-Final Rejection, dated Sep. 30, 2024. Wang argued that Yomoho was authorized by Wang to sell starting on Jan. 3, 2024. *see* Ex. B for Wang's response to the non-final-rejection, dated Nov. 12, 2024, p. 3.

In the prosecution history of `372 Patent, same rejection and same argument of authorization to Yomoho were reflected in Ex. C (Non-Final Rejection of USPTO dated Sep. 30, 2024) and D (Wang's response to the non-final-rejection, dated Nov. 12, 2024, p. 1).

Unlike the Yomoho reference, which Plaintiff claims derives from his own disclosure (via authorization on January 3, 2024), the ZZM listing is operated by an independent seller ("ZZM Direct") under the brand "ZZM." There is no evidence in Plaintiff's declaration (attached to the USPTO response) showing authorization only to "guangzhou pang xiong shang mao you xian gong si" for the Yomoho Store) that ZZM obtained the design from Plaintiff. The ZZM product

predates Plaintiff's alleged authorization to Yomoho by over six months, further indicating independence. As such, this is a classic third-party on-sale bar. *See Sanho Corp. v. Kaijet Tech. Int'l Ltd.*, 108 F.4th 1373, 1378-79 (Fed. Cir. 2024) (third-party sales, even private ones, invalidate if before filing and not derived from the inventor).

Thus, Plaintiff's reliance on the grace period to disqualify his own or derived disclosures (e.g., Yomoho) does not extend to LOVYNO and ZZM's independent sales. Under § 102(b)(1)(A), the grace period excepts only disclosures "made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor." Independent third-party sales or public uses within the year are fully qualifying prior art. MPEP § 2153.02; see also *Pennwalt Corp. v. Akzona Inc.*, 740 F.2d 1573, 1578 (Fed. Cir. 1984) (pre-AIA case affirming that third-party activities do not trigger grace period protections)

These sales anticipate the claims under the ordinary observer test for design patent infringement/invalidity, as no ordinary purchaser would distinguish the prior products from the patented design. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).

Plaintiff's declarations (Docs. 12-2, 12-3) do not address these prior sales, focusing instead on alleged infringement without rebutting invalidity. Because the Asserted Patents are invalid, Plaintiff cannot succeed on infringement.

**B. The Asserted Patents Are Invalid Because the Claimed Design Is Primarily Functional.**

Design patents protect only "ornamental" designs, not those "dictated by" function. 35 U.S.C. § 171; *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1314 (Fed. Cir.

2013). If a design's features are primarily functional, the patent is invalid. *See Range of Motion Prods. v. Armaid Co.*, No. 23-2427, 2026 WL 366470, at 5 (Fed. Cir. Feb. 2, 2026) (affirming invalidity where design elements like arm configuration were functional). Courts consider factors like alternative designs, utility patents covering the features, and marketing emphasizing function. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328-29 (Fed. Cir. 2015).

The claimed string trimmer handle is functional: the extension reduces strain, the clamp ensures attachment, and the grip provides comfort—all essential to utility, not ornamentation. Plaintiff's Complaint (¶¶ 7-8) and Declaration (Doc. 12-2, ¶¶ 3-4) tout development costs for overcoming "deficiencies of prior, conventional" handles, emphasizing function. No alternative ornamental designs are evident; the form follows function. The second portion (grip/extension) is similarly non-protectable. Even if some aspects are ornamental, the scope is narrowed to exclude functional elements, precluding infringement.

**C. No Infringement as No Substantial Similarity on Ornamental Features.**

When factoring the functional part, the Asserted Patents have minimal ornamental part. Assuming the sharp 90-degree elbow shall be considered the ornamental feature of both Asserted Patents, Defendant does not have such features. *See* Figure 5 below.



**Figure 5: Defendant's Product**



FIG. 3                    FIG. 4

The sharp elbow is not novel for a person with ordinary skill. Even assuming it is patentable, comparing with the Asserted Patents above as shown in Figure 1, they have no similarity at all.

## II. PLAINTIFF WILL SUFFER NO IRREPARABLE HARM.

Irreparable harm requires more than speculation; it must be imminent and non-compensable by money damages. *NutraSweet*, 176 F.3d at 153. With invalid patents, there is no

harm from alleged infringement. Plaintiff's claims of lost market share and goodwill (Doc. 12-2, ¶¶ 9-10) are conclusory and calculable via damages. No evidence shows Defendants will hide assets or that ex parte relief is needed to prevent flight—mere assertions about "anonymous" sellers (Doc. 12-3, ¶¶ 9-11) do not suffice.

Post-eBay, no presumed harm for alleged infringement of patent, when applying for PI order. Can you elaborate?In patent infringement litigation, the eBay Inc. v. MercExchange, L.L.C. decision (547 U.S. 388, 2006) marked a significant shift in how courts handle requests for injunctive relief, including preliminary injunctions, that evidence must be presented to support irreparable harm.

Here, Plaintiff failed to present any evidence other than self-serving statement with regards to the alleged irreparable harm.

## III. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR DENIAL.

Enjoining Defendant would halt legitimate sales, causing hardship, while Plaintiff faces no harm from invalid patents. The public interest disfavors enforcing invalid IP, which stifles competition.. An asset freeze would cripple Defendant's business without justification.

## IV. EXPEDITED DISCOVERY AND SHOW CAUSE ORDER ARE UNWARRANTED.

Expedited discovery requires good cause, absent here due to no likelihood of success.

## CONCLUSION

For the foregoing reasons, the Motion should be denied. Defendant will submit a declaration to support this Motion.

Dated: March 18, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
The Law Offices of Jianyin Liu, PLLC
15750 Southwest 92nd Avenue, Unit C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com

Attorney for Defendant LIYUEKJ

**Certificate of Service**

I hereby certify that on Mar. 18, 2026, a true and correct copy of the foregoing was served via CM/ECF to all counsel son record.

/s/ Jianyin Liu