# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOQIAO WANG, | Civil Case No.: 2:26-cv-00343-WSS |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | FILED UNDER SEAL |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |

# MEMORANDUM IN OPPOSITION TO DEFENDANT
# QUFA ACCESSORY STORE'S MOTION TO COMPEL AND
# CROSS-MOTION TO REVOKE MR. JIANYI LIU'S PRO HAV VICE ADMISSION

### I.   PRELIMINARY STAETMENT

There is a popular adage in the Midwest: if you don't have something nice to say, don't say anything at all. Suffice to say, this civility principle applies to all counsels who practice before this Court.

His conduct falling far short of this District's civility requirement, counsel for Defendant Qufa, Mr. Jianyi Liu's pro hac vice status should be revoked for filing meritless motion and threatening opposing counsel with baseless bar complaint and personal lawsuit.

1

Working primarily out of Southern District of Florida, Mr. Liu does not regularly appear in this District and thus appears ignorant of the civility requirements imposed on attorneys who practice in this District. It is time Mr. Liu is made aware that his non-stopping bickering, grandstanding, and personal insults are unnecessary and unacceptable.

## II.     RELEVANT HISTORY

On March 2, 2026, Plaintiff Patent Owner filed this patent infringement case against various counterfeit sellers on Amazon.

On March 4, 2026, the Court granted a TRO after viewing side-by-side comparison of the patented design and the accused products.

On March 10, 2026, Mr. Jianyi Liu moved to appear pro hac vice on behalf of QUFA Accessory Store. Dkt. 23.

On March 12, 2026, the Court granted Mr. Liu's motion to appear pro hac vice. Dkt. 23.

On the same day (March 12, 2026), Amazon provided all Defendants contact information to Plaintiff's representative.

On March 16, 2026, Defendant QUFA as represented by Mr. Jianyi Liu agreed to a monetary settlement with Plaintiff Patent Owner.  The settlement payment from Defendant QUFA to Plaintiff Patent Owner is commensurate with Defendant QUFA's perceived liability.

On that same day (March 16, 2026),  Mr. Jianyi Liu called the undersigned unannounced, interrogating the undersigned about (1) which City the undersigned resides, (2) why the undersigned uses a Gmail account in addition to his law firm email, and (3) why the name of the undersigned's trust account does not, in his opinion, include the full name of the undersigned's law firm.  Frankly, none was Mr. Liu's business, in particular view of Mr. Liu's accusatory tone.

Trying to move beyond Mr. Liu's confrontation, based on the written communications showing the settlement with Defendant QUFA, Plaintiff dismissed Defendant QUFA, along with several other defendants who had settled. Dkt. 27.

This dismissal (Dkt. 27) was to ensure that the preliminary injunction hearing originally scheduled on March 18, 2026 could proceed in a more orderly manner: some defendants have settled, others were settling, and still others are discussing a settlement. It would have been chaotic, had the hearing move forward as originally scheduled.

On March 18, 2026, after the March 16 dismissal, Plaintiff notified Amazon about releasing all settled defendants' account and product listings, including Defendant QUFA's. On these basis alone, Defendant QUFA's motion for sanction should be denied for lacking factual support.

///

///

3

### III.    MR. JIANYI LIU'S CONCERNING CONDUCT

First, after the March 16 dismissal (Dkt. 27), Mr. Jianyi Liu representing Defendant QUFA now refuses to pay the agreed-upon settlement amount. To date, Defendant QUFA has not paid.

Second, Mr. Jianyi Liu initiated a marketing campaign among Chinse infringers, boasting that he could achieve "0 settlement" for merely $500 attorney's fee or the like to his law firm. Mr. Liu further boasts filing boilerplate motions he had written up for other defendant (presumably for Defendant QUFA).

Third, trying to outsmart the system, without any advance notice, on March 16, 2026, Mr. Liu emailed a contact he had at Amazon (Ms. Hollyn Wright) about the dismissal and asked Ms. Wright to release Defendant QUFA's account.

Ms. Wright, however, is not the one who Amazon had assigned to handle this case; as a result of Mr. Liu's working outside the protocol, on March 17, 2026, Amazon indicated that it would not release a specific product listing of Defendant QUFA's— even though Defendant QUFA's all other restrictions were removed.

Humiliated that his gimmick had not worked as anticipated, less than 24 hours, on March 18, 2026, Mr. Liu threatened to file a bar complaint and a lawsuit against the undersigned.

Namely, Mr. Liu threatened as follows:

I will report to CA Bar for your unprofessional
and unethical conduct. Also, we may sue you personally
in Florida for wrongfully restraining our assets.

It is judicially noticeable that threatening personal lawsuit and bar complaint against an opposing counsel are usually done by inexperienced attorneys.

As background, a cursory review of the Southern District of Florida's docket shows that most patent cases in which Mr. Liu participated as an attorney became contentious than appeared necessarily, clogged with countless motions and never-ending appeals. *See e.g., ZHANG v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule* A (1:26-cv-20013-BB); *Zemiao Chen v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule A* (24-cv-60863-AHS).

## IV.    DISCUSSIONS

Admission *pro hac vice* is a privilege, and may be revoked as a sanction for unethical behavior. *See Johnson v. Trueblood*, 629 F.2d 302, 304 (3d Cir.1980); L. Civ. R. 101.1(c)(1) (*pro hac vice* admission is "in the discretion of the court"). The Third Circuit has specified that "a violation of any disciplinary standard applicable to members of the bar of the court would justify revocation of *pro hac vice* status." *Johnson*, 629 F.2d at 304.

"Revocation of an attorney's pro hac vice status is a recognized sanction for violation of court orders or disciplinary rules." *In re Passaic Healthcare Services, LLC*, 2015 Bankr. LEXIS 3430, 2015 WL 5894414, at *4 (Bkrtcy. D.N.J., 2015) (citing inter

5

alia *Johnson v. Trueblood*, 629 F.2d 302, 304 (3d Cir. 1980)). Additionally, a demonstrated lack of professionalism and sharp tactics justify such revocation. See *United States v. Gibson*, 751 F.Supp. 209, 210 (D.D.C. 1990). "Violation of accepted rules of professional conduct which result in the erosion of public confidence in the integrity of the bar and of the legal system also may justify disqualification of defendant's chosen counsel." *United States v. Collins*, 920 F.2d 619, 627 (10th Cir. 1990) (internal quotations and citations omitted).

Courts in this District have revoked pro hac vice admissions of counsels who do not observe its civility requirements. *United States v. Mishra* (W.D.Pa. May 18, 2016, No. 12-92) 2016 U.S.Dist.LEXIS 65429 (revoking pro hac admission for counsel's inability to follow court rules); *LabMD, Inc. v. Tiversa Holding Corp* (W.D.Pa. Mar. 24, 2020, Civil Action No. 15-92) 2020 LX 53848 (same).

While not a specific written "code of civility" published directly on the main court site, federal courts often adhere to principles outlined by the American Bar Association, state statutes, or state bar associations.

24 Pa. Code Section 99.3[1] provides as follow:

> A lawyer should abstain from making disparaging personal remarks or engaging in acrimonious speech or conduct toward opposing counsel or any participants in the legal process and shall treat everyone involved with fair

---

[1] https://www.pacodeandbulletin.gov/Display/pacode?file=/secure/pacode/data/204/chapter99/s99.3.html&d=reduce

consideration.

Here, Mr. Jianyi Liu violated the Court's civility requirement: Mr. Liu engaged in acrimonious speech or conduct toward opposing counsel by threating to sue his opposing counsel personally and filing a bar complaint against the opposing counsel—all without basses.  Simply because Mr. Liu's bad faith attempts to circumvent Amazon's TRO handling protocol failed. Mr. Liu has no one else to blame, for himself.

Further, Mr. Liu did not treat opposing counsel and opposing party fairly: Mr. Liu reneged on a settlement (by refusing to pay the settlement payment); and Mr. Liu threatened bar complaints and personal lawsuit against opposing counsel for his own failed gimmicks.

## V.    CONCLUSION

The western District of Pennsylvania is a special place.  It is neither the Wild West, nor the Alligator State. Civility being key for attorneys who appear in this District, Mr. Jianyi Liu's threatened lawsuits and bar complaint against opposing counsel fell short of the standard required of him, and his pro hac vice status should be revoked.

Defendant QUFA Accessory Store's motion should be denied, because Plaintiff has longed contacted Amazon to remove all restraints after the notice dismissal.

///

///

7

8

Date: March 19, 2026                    Respectfully submitted,

                                        /s/ Zheng "Andy" Liu
                                        Zheng "Andy" Liu (CA- 279327)
                                        *Aptum Law*
                                        1660 S Amphlett Blvd Suite 315
                                        San Mateo, CA 94402
                                        Email: Andy.Liu@AptumLaw.us
                                        Phone: 650-475-6289


                                        *ATTORNEY FOR PLAINTIFF*

8