**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
Civil Case No.: 2:26-cv-00343-WSS

XIAOQIAO WANG,
Plaintiff,

v.

SCHEDULE A DEFENDANTS,
Defendants.

_____/

**FORMER DEFENDANT QUFA ACCESSORY STORE'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO COMPEL AND IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION TO REVOKE PRO HAC VICE ADMISSION OF JIANYIN LIU**

Defendant QUFA Accessory Store (Seller ID A2MTU67GPG0L6K) ("Moving Defendant"), by and through undersigned counsel, respectfully submits this Reply Memorandum in further support of its Motion to Compel (Dkt. 40) and in opposition to Plaintiff's Cross-Motion to Revoke the Pro Hac Vice Admission of Jianyin Liu.

**I. PRELIMINARY STATEMENT**

Plaintiff's opposition (Dkt. 42) is a remarkable exercise in deflection. Rather than address the undisputed fact that Plaintiff has failed to notify Amazon to reinstate Moving Defendant's ASINs — despite Amazon's explicit requirement (Ex. B) — Plaintiff's counsel resorts to personal insults ("Get lost, freaking amateur") and fabricated accusations of a "settlement" that never existed. This is not the conduct of an officer of the Court; it is the conduct of counsel who knows his client's voluntary dismissal left Moving Defendant's business crippled and now seeks to punish the messenger.

The record is clear: (1) there was no settlement agreement; (2) Moving Defendant never agreed to pay any sum; (3) Plaintiff's counsel proposed payments to a Chinese third-party account and then his personal account — both ethically problematic; and (4) Plaintiff has never provided Amazon the specific reinstatement instruction it requires. The Motion to Compel should be granted, and the Cross-Motion to Revoke should be denied as frivolous and retaliatory.

**II. FACTUAL CORRECTIONS**

**1. No Settlement Was Ever Reached**

Plaintiff repeatedly asserts a "monetary settlement" was reached on March 16, 2026 (Dkt. 42 at 2, 5). This is false. Moving Defendant offered $0 settlement and continued selling its products. Plaintiff's counsel first proposed payment to a Chinese third-party bank account (raising serious ethical concerns regarding fee-sharing with non-lawyers under California Rule 5.4 and Pennsylvania Rule 5.4). See Exhibit A for Redacted Proposed Settlement Agreement, with the following screenshot of using a Chinese national's private bank, from p. 1 and 2.

Bank transaction payment information:

户名：张淑霖
Account Name: Shulin Zhang

**Figure 1: Private Chinese National's Bank as Trust Account**

Bank Account: -4372

账号： ██████████4372

开户行：中国农业银行 Bank: Agricultrue Bank of China

When rejected, Plaintiff's counsel then proposed payment to his personal bank account (raising commingling concerns under Rule 1.15). See Ex. C for 2nd Proposed Settlement Agreement from Plaintiff.

Moving Defendant rejected both proposals on ethical grounds and never signed any agreement. (See Ex. D – WeChat communications confirming rejection, dated Mar. 16, 2026.) *See* Liu's Declaration, ¶ 4 for the date of communication. Plaintiff's unilateral dismissal (Dkt. 27) was made without any payment or signed settlement. Id. The statement that "Defendant QUFA now refuses to pay" (Dkt. 42 at 4) is a knowing misrepresentation.

**2. Plaintiff Has Never Notified Amazon to Reinstate the ASINs**

Plaintiff claims it "notified Amazon about releasing all settled defendants' account and product listings" on March 18 (Dkt. 42 at 3). This is false. Plaintiff has submitted zero evidence of any such notice. Amazon's own legal staff, Holly Wright, confirmed in writing, "we have released the seller accounts – but we must receive specific instruction from the rights owner in order to reinstate the ASINs and they only requested that we release the accounts." (Ex. B, emphasis added).

Plaintiff only asked for account release — never ASIN reinstatement. Moving Defendant's business remains crippled.

**3. Contact with Amazon (Holly Wright) Was Proper**

Plaintiff's accusation that undersigned counsel "tried to outsmart the system" by contacting Holly Wright is baseless. Ms. Wright has handled every prior IP matter for undersigned counsel and successfully released/reinstated listings. See Liu's Declaration.

Plaintiff's claim she "was not assigned to this case" is contradicted by Amazon's own response (Ex. B). The email was sent after the voluntary dismissal and included the dismissal notice.

**4. No "Marketing Campaign" or Boasting**

Plaintiff's defamatory allegation of a "marketing campaign among Chinese infringers" boasting "0 settlement" for $500 is unsupported by any evidence. No such campaign exists. Counsel obtains clients solely by word-of-mouth and has turned down hundreds of offers to represent plaintiffs in Schedule A cases. This allegation should be stricken as scandalous and defamatory.

Plaintiff's counsel also disparaged the undersigned as inexperienced and amateur. Even though he has practiced laws for only some ten years, however, due to his efforts in helping defendants across China to solve the TRO/PI issues, he earned good reputation among peers. The most prominent report in China regarding IP cases with Chinese defendants listed the undersigned's law firm as top 5 law firms in helping Chinese defendants, among which, it ranks top 1 for patent cases. Schedule A lawsuits have been flooding all district courts in the U.S. due to its ex parte TRO mechanism, while so many patents, in particular design patents should not have been brought due to its chilling and stifling impact upon competitors, with more than two thirds of such design patents non-novel, barred by prior sales, or copied from non-US inventors, etc. Like the instant case, it should have never been brought to this Court with a sharp-elbow design, by accusing all round-shaped elbow products of infringement.

**5. Plaintiff's Certificate of Good Standing Raises Questions**

Plaintiff's counsel filed a blurred Certificate of Good Standing dated December 10, 2025 — three months after his appearance in this case (Dkt. 3-1). According to the undersigned's

knowledge, California Bar issued good standing certificates to their attorneys mostly via online PDF documents. Such a blurred document did raise concern of forgery, when the undersigned received a proposed settlement agreement with a foreign bank account in China.

## III. LEGAL ARGUMENT

### A. The Motion to Compel Should Be Granted

Plaintiff's voluntary dismissal did not extinguish this Court's ancillary jurisdiction to enforce the effects of its own TRO. Amazon requires specific written instruction from the rights owner to reinstate ASINs. Plaintiff has never provided it. The Court should order Plaintiff (and his counsel) to send the required reinstatement notice within 24 hours and file proof of compliance.

### B. Plaintiff's Cross-Motion to Revoke Pro Hac Vice Is Frivolous and Retaliatory

Plaintiff's counsel's own email — "Has your mom not told you 'if you don't have something nice to say, don't say anything at all.' Get lost, freaking amateur." — is the very definition of uncivil and unprofessional conduct. Threatening to report opposing counsel to the bar and sue him personally is a standard response when one's own tactics fail. The Cross-Motion is nothing more than retaliation for undersigned counsel's legitimate efforts to protect his client's business from continued unlawful restraint.

Admission pro hac vice is a privilege, but revocation is an extraordinary sanction reserved for serious misconduct. *See Johnson v. Trueblood,* 629 F.2d 302 (3d Cir. 1980). Plaintiff's counsel's own conduct falls far shorter of this District's civility standards than anything alleged against undersigned counsel. The Cross-Motion should be denied outright.

## IV. CONCLUSION

For the foregoing reasons, Moving Defendant respectfully requests that the Court:

1. Grant the Motion to Compel and order Plaintiff to immediately notify Amazon to reinstate ASINs B0D11GJ1XC and B0DS933QNN;

2. Deny Plaintiff's Cross-Motion to Revoke Pro Hac Vice;

3. Award Moving Defendant its reasonable attorney's fees and costs incurred in responding to Plaintiff's frivolous Cross-Motion; and

4. Grant any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu, PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Former Defendant QUFA Accessory Store

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2026, a true copy was served via CM/ECF on all counsel of record and via email on Plaintiff's counsel.

/s/ Jianyin Liu

Page 6 of 6