**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
Civil Case No.: 2:26-cv-00343-WSS

XIAOQIAO WANG,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

_____/

**DECLARATION OF JIANYIN LIU IN SUPPORT OF FORMER DEFENDANT QUFA
ACCESSORY STORE'S REPLY MEMORANDUM**

I, Jianyin Liu, declare as follows:

1. I am the attorney for Former Defendant QUFA Accessory Store (Seller ID A2MTU67GPG0L6K) in the above-captioned action. I am over the age of 18 and competent to make this declaration based upon my personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to these facts.

2. On or about March 16, 2026, Plaintiff's counsel (Zheng "Andy" Liu), through his staff, sent me two proposed Confidential Settlement Agreements for QUFA Accessory Store. Neither agreement was ever signed or agreed to by my client. My client offered $0 settlement and expressly wished to continue selling its products without any payment.

3. The first proposed Settlement Agreement (attached as Exhibit A) required payment of $500 USD to a private Chinese national's bank account in the name of "张淑霖 / Shulin Zhang" at the Agricultural Bank of China (account ending in 4372). This raised serious ethical concerns

regarding fee-sharing with non-lawyers (California Rule of Professional Conduct 5.4 and Pennsylvania Rule 5.4). I immediately rejected this proposal.

4. After my rejection, Plaintiff's counsel sent a second proposed Settlement Agreement (attached as Exhibit B) that required payment of $500 USD to his own personal Chase bank account in San Mateo, California. This raised equally serious concerns regarding commingling of client funds with an attorney's personal/business account (Rule 1.15). I rejected this proposal as well.

5. The WeChat communications between Plaintiff's counsel and me on March 16, 2026 (attached as Exhibit D in the Reply) confirm my client's rejection of both proposals and our position that no settlement was reached. In those communications, I expressly questioned the use of non-official email accounts and made clear that payment to a personal or third-party account was unacceptable.

6. Despite the absence of any signed agreement or payment, Plaintiff unilaterally filed a Notice of Voluntary Dismissal as to QUFA Accessory Store on March 16, 2026 (Dkt. 27). No settlement payment was ever made, and my client never consented to dismissal on the terms claimed by Plaintiff.

7. On March 16, 2026 (after the dismissal), I contacted Amazon's legal representative Holly Wright (who has handled every prior IP matter for my firm) and provided her with a copy of the Notice of Voluntary Dismissal. Ms. Wright responded on March 17, 2026 (attached as Exhibit B in the Reply), confirming that Amazon released the seller account but explicitly required specific instruction from the rights owner (Plaintiff) to reinstate the ASINs. Plaintiff has never provided that instruction.

8. Plaintiff's counsel's allegations in Dkt. 42 that a "monetary settlement" was reached, that my client "refuses to pay," and that I engaged in a "marketing campaign" boasting "0 settlement" are false. No such campaign exists. I obtain clients solely by word-of-mouth and have turned down hundreds of offers to represent plaintiffs in Schedule A cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on: March 20, 2026
At: Palmetto Bay, Florida

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu, PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com