# Confidential Settlement Agreement and Release

This Confidential Settlement Agreement and Release (this "**Agreement**") is made and entered into by and between XIAOQIAO WANG., (collectively, the "**Plaintiff**"), and QUFA Accessory Store (the "**Defendant**"), on the other, as of the date of full execution of this Agreement (the "**Effective Date**") by Plaintiff and Defendant (collectively, the "Parties," or individually, a "Party").

**WHEREAS,** Plaintiff filed a civil action in the United States District Court for the WESTERN DISTRICT OF PENNSYLVANIA, Case No. 1:26-cv-00343, XIAOQIAO WANG v. The Partnerships And Unincorporated Associations Identified In Schedule A (the "Lawsuit"), alleging, among other claims, Defendant's infringing use of Plaintiff's design patent, **US D1,074,348 S and D1,074,342 S**;

**WHEREAS**, Defendant operates an Amazon store under the name "QUFA Accessory Store", on the Amazon platform, through which the products at issue have been offered for sale.

**WHEREAS**, the parties wish to resolve the Action without trial or adjudication of any issues of fact or law, to avoid the continuing expense, inconvenience, and distraction of the Action; and

**WHEREAS**, following negotiations in which each of Parties has been represented by its own counsel, the parties have agreed to settle, compromise, and resolve the Action on the terms and conditions set forth below without this Agreement or its contents constituting any admission or evidence, or the basis for any finding or taking of judicial notice, of any wrongdoing or liability whatsoever on the part of either of the parties or of any fact other than the terms and conditions of this Agreement and the parties' voluntary and binding agreement thereto.

**NOW, THEREFORE,** in consideration of the mutual covenants, terms, and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

Settlement Payment. Plaintiff and Defendant agree to resolve this matter for a total settlement amount of five hundred U.S. Dollars (USD $500). Payment shall be made by Defendant to Plaintiff within three (3) business days of the Effective Date, unless otherwise agreed in writing by the Parties. Plaintiff will provide the Bank transaction payment information.

Bank transaction payment information:

Beneficiary Name: Zheng Liu, Attorney at Law

Address: 1660 S Amphlett Blvd. San Mateo, CA 94402 Beneficiary

Account Number: █████████   Bank Routine Number: █████████

Bank Name and Address: JP Morgan Chase; 270 Park Ave., New York, NY 10017

Bank Swift Code: CHASUS33

1. <u>Plaintiff's Dismissal</u>.

      (a)     Within three (5) business days of the full execution of this Agreement, Plaintiff shall file with the Court a notice of voluntary dismissal of the Lawsuit; and

      (b)     Within three (5) business days of the full execution of this Agreement, Plaintiff shall instruct the platform and/or payment processor to release Defendant's account (Amazon Store "QUFA Accessory Store") and links. If the account is not released within a reasonable period following Plaintiff's instruction, Defendant shall have the right to request Plaintiff's further assistance, including but not limited to providing reasonable additional documentation or communication to the platform, in order to facilitate the release.

2. <u>Release and Covenant not to Sue</u>.

2.1.   <u>Mutual Release</u>. Conditioned on the execution by the parties of this Agreement, the parties, on behalf of themselves, their predecessors, Successors, Affiliates, and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, and representatives, and all Persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other party, together with their predecessors, Successors, Affiliates, and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, and representatives, and all Persons acting by, through, under or in concert with them, and each of them, from all charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either party has, or may have had, against the other party, whether or not apparent or yet to be discovered.

2.2.   <u>Resolution of Claims</u>. This Agreement resolves any claim for relief that could

have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs, and attorneys' fees related to or arising from any action, agreement, matter, or claims set out in this paragraph, including, without limitation, the Dispute.

2.3.    <u>Acknowledgement of Settlement</u>. The parties, as broadly described in Section 2.1 above, acknowledge that (a) the consideration set forth in this Agreement, which includes, but is not limited to, the Settlement Payment, is in full settlement of all claims or losses of whatsoever kind or character that each party has, or may ever have had, against the other party, as broadly described in Section 2.1, concerning the Dispute and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, each party is giving up forever any right to seek further monetary or other relief from the other party, as broadly described in Section 2.1 above, for any acts or omissions up to and including the Effective Date, as set forth in Section 2.1, concerning the Dispute.

2.4.    <u>Covenant Not to Sue</u>.

(a)    Plaintiff hereby irrevocably covenants that neither it nor any of its related parties granting a release in Section 2.1 will, directly or indirectly, alone or by, with, or through others, cause, induce, authorize, assist, participate, or cooperate in the commencement, maintenance, or prosecution of any legal proceeding, enforcement action, complaint, grievance, takedown request, notice, or claim of any kind—whether formal or informal—before any court, arbitral forum, administrative agency, governmental authority, online platform (including but not limited to Amazon, eBay, Walmart, Alibaba, payment processors, social media platforms), intellectual property enforcement program, industry association, or any private or public third party—against Defendant or any other Persons released pursuant to Section 2.1, seeking or tending to establish any liability, sanction, penalty, or injunctive, equitable, legal, declaratory, administrative, or other relief, arising from, by reason of, or in connection with any claim or matter released pursuant to Section 2.1, including any claim alleging infringement of Plaintiff's Design Patent at issue.

(b)    Further, conditioned upon full and timely performance by all Parties under this Agreement, Defendant also irrevocably covenants not to challenge, directly or indirectly, or to assist or participate in any challenge to, the validity and enforceability, of design patent, **US D1,074,348 S and D1,074,342 S.**

(c)    **All Parties agreed that Defendant may continue to the sell the accused products without being subject to any further lawsuits of any alleged infringement of the US D1,074,348 S and D1,074,342 S, initiated by Plaintiff or any of Plaintiff's agents, counsels, representative, affiliates etc.**

(d)    The Parties acknowledge and agree that this covenant not to sue constitutes a material term of this Agreement. In the event that Plaintiff breaches this covenant in any respect, this Agreement shall be deemed null and void, and the Parties shall be restored to the positions they occupied immediately prior to its execution, without prejudice to any further legal or equitable remedies.

3. Waiver of Settlement Payment. Plaintiff hereby irrevocably waives and releases any and all rights, claims, or demands to seek or recover any settlement payment from Defendant in connection with the matters resolved by this Agreement. Plaintiff further covenants that it will not, directly or indirectly, assert, initiate, or maintain any action, proceeding, or demand for the payment of any such settlement amount against Defendant at any time in the future.

4. No Admissions. The Parties acknowledge and agree that this Agreement constitutes a compromise of disputed claims and does not constitute, nor shall it be construed as, any admission of liability or wrongdoing of any nature whatsoever by any of the Parties. Further, the Parties shall not use this Agreement as evidence of, or as any admission of, liability or wrongdoing. The Parties further agree that they will not use the Agreement for any purpose whatsoever other than as strictly necessary to enforce its terms.

5. Governing Law. The laws of the State of California shall govern this Agreement, and the rights and obligations of the Parties under this Agreement shall be construed, determined, and enforced in accordance with the laws of the State of California.

6. Dispute Resolution. Any claim or action arising out of or relating to this Agreement, or any alleged breach thereof, shall be brought exclusively in the courts of the Northern District of California. In the event a claim or action is brought that is barred by the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including post-judgment fees and costs, incurred in connection with such claim or action.

7. Attorneys' Fees. The Parties agree that each Party shall bear their own costs and attorneys' fees with respect to the Action, including all fees and costs incurred in connection with the preparation and negotiation of this Agreement.

8.<u>Severability</u>. The Parties agree that if any one or more of the provisions of this Agreement is held invalid or unenforceable for any reason, then such term or provision of this Agreement shall be severable from, and shall not affect the validity of, any other term or provision of this Agreement.

9.<u>No Interpretation Against Drafter</u>. Each Party acknowledges that it has had the opportunity to negotiate modifications to the language of this Agreement, that this Agreement has been mutually drafted by the Parties, and that this Agreement was negotiated at arm's length among parties and counsel sophisticated and knowledgeable in the matters dealt with in this Agreement.  Accordingly, the Parties agree that any rule of law or legal decision that would construe any provision of this Agreement against the drafting party is not applicable and is waived.

10.<u>No Waiver</u>. No term or provision of this Agreement may be waived by any Party except in a writing signed by the Party that expressly sets forth the Party's intention to waive such term or provision of this Agreement.  No waiver of any of the terms or provisions of this Agreement shall be deemed to or shall constitute: (a) a waiver of any of the other terms or provisions; or (b) a continuing waiver.  If one Party waives a breach of one of the terms or provisions of this Agreement by another Party, that waiver shall neither operate nor be construed as a waiver of any subsequent breach of the same term or provision or any similar breach of any other term or provision of this Agreement.

11.<u>Representations and Warranties</u>. Each Party represents and warrants that the person executing this Agreement on its behalf has full authority to bind it to the terms and conditions of this Agreement.  Each Party further represents and warrants that, in executing this Agreement, it has not relied upon any representation, statement, or legal or tax advice made by or on behalf of the other Party that is not expressly set forth in this Agreement.

12.<u>Entire Agreement</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the parties and supersedes all prior negotiations and/or agreements, proposed, or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

13.<u>Counterparts</u>. This Agreement may be executed in multiple originals and counterparts. Each counterpart, when executed, shall be deemed an original and such counterparts collectively shall constitute one and the same instrument.

14. <u>Authorized Signatories and Electronic and/or Facsimile Signatures</u>. Each signatory below represents and warrants that they are duly authorized to execute this Agreement. This Agreement may be executed with facsimile signatures or PDF copies of signatures.

**IN WITNESS WHEREOF, the undersigned Parties hereby agree to and execute this Agreement as of the date set forth below.**

| PLAINTIFF | DEFENDANT |
|---|---|
| Signature: | Signature: |
| Name: __xiaoqiao Wang_____ | Name: |
| Title:___Inventor | Title: |
| Date: __March 16. 2026 | Date: |