**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XIAOQIAO WANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:26-cv-00343-WSS |
| v. ) | |
| ) | Hon. William S. Stickman |
| SCHEDULE A DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

**Defendants' Response in Opposition to
Plaintiff's Motion for Entry of Preliminary Injunction**

**NOW COMES** zamazi ("Defendant"), by and through its undersigned counsel, and in opposition

to Plaintiff's Motion for Entry of Preliminary Injunction states as follows:

**I.   Introduction**

Plaintiff filed its complaint on March 2, 2026, alleging that Defendans committed patent

infringement of U.S. patent Nos. D1,074,348 (the " '348 Patent") and D1,074,372 (the " '372

Patent") (collectively, "Plaintiff's Patents"). On March 3, 2026, this Court entered an order to show

cause as to why a preliminary injunction should not be entered. [Dkt. 12]. As will be shown below,

the preliminary injunction should not be entered because the asserted Plaintiff's Patents are

vulnerable to being invalidated. Accordingly, Plaintiff does not have a reasonable likelihood of

success on the merits of its claims, and a preliminary injunction should be denied for Defendant for

that reason alone. QVC Inc. v. Your Vitamins Inc., 439 F. App'x 165, 169 (3d Cir. 2011) (affirming

District Court's denial of preliminary injunction because Plaintiff "not shown on the record at the

time that it was reasonably likely to prevail on the merits of this action and therefore that it was not

entitled to a preliminary injunction."); Parks, LLC v. Tyson Foods, Inc., 2015 WL 4545408 at *16

(E.D. Pa. July 28, 2015) ("Since Plaintiff has failed to demonstrate a reasonable likelihood of

succeeding on the merits of its false advertising claim, the Court need not address the question of

whether Plaintiff could satisfy the other requirements necessary to support the entry of a preliminary injunction to conclude that this is not an appropriate circumstance for such relief."); Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element renders a preliminary injunction inappropriate.").

## II. Argument

### a. Legal Standard

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Ferring Pharms., 765 F.3d at 210. For patent infringement claims, like those present in the current case, "the Court must apply the preliminary injunction standards set forth by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit." LKRB Indus., LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi, 2025 WL 531845 at *2 (W.D. Pa. Feb. 18, 2025). The Court of Appeals for the Federal Circuit has noted that "the standards applied to the grant of preliminary injunctions are the same in patent cases as in other areas of the law." High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1554 (Fed.Cir.1995). Thus, a party seeking a preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if the injunction is not issued; (3) a balance of hardships in favor of the moving party; and (4) that the public interest favors the issuance of the preliminary injunction. *See*, Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed.Cir.2001); Ferring Pharms. ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). "The failure to establish any element renders a preliminary injunction inappropriate." Id. Plaintiff, as the movant, bears the burden of showing that these four factors weigh in favor of granting the injunction. Id.

**b. Plaintiff cannot show a reasonable likelihood of success on the merits because the '348 and '372 Patents are vulnerable to being invalidated.**

Although a patent is presumed valid under federal law, that presumption "does not relieve a patentee who moves for a preliminary injunction from carrying the normal burden of demonstrating that it will likely succeed on all disputed liability issues at trial, even when the issue concerns the patent's validity." Sprinturf, Inc. v. Sw. Recreational Indus., Inc., 277 F. Supp. 2d 508, 513 (E.D. Pa. 2003). Following, in order to establish a substantial likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim "will likely withstand the alleged infringer's challenges to patent validity and enforceability." Mylan Institutional LLC v. Aurobindo Pharma Ltd., 857 F.3d 858, 866 (Fed. Cir. 2017). Critically, "[i]f the alleged infringer raises a substantial question of invalidity, the preliminary injunction should not issue." Altana Pharma AG v. Teva Pharms. USA, Inc., 566 F.3d 999, 1005-06 (Fed. Cir. 2009). To meet this burden, the alleged infringer must only show that the patent is "vulnerable" to being invalidated, which requires less proof than the clear and convincing showing necessary to establish invalidity at trial. Id. at 1006; Novo Nordisk A/S v. Bio-Tech. Gen. Corp., 52 F. App'x 142, 146 (Fed. Cir. 2002) ("In resisting a preliminary injunction, one need not make out a case of actual invalidity. Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial.  The showing of a substantial question as to invalidity thus requires less proof than the clear and convincing showing necessary to establish invalidity itself."). If the alleged infringer shows that the patent is "vulnerable" to being invalidated, the burden shifts to back to the patentee to show that the defense "lacks substantial merit", and, if the trial court finds that the patentee cannot show an invalidity defense lacks substantial merit, "it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue" and the

preliminary injunction should not issue. <u>Low Temp Indus., Inc. v. Duke Mfg. Co.</u>, 2021 WL 6124455 at *4 (Fed. Cir. Dec. 28, 2021).

As an initial matter, the Court should determine what designs are actually claimed in the '348 and '372 Patents. "Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings." <u>In re Mann</u>, 861 F.3d 1581, 1582 (Fed. Cir. 1988). Here, the only design claimed in Plaintiff's Patents is the design which is depicted in the figures using solid black lines, and the design features that are depicted using broken lines forms are not claimed and should not be considered by the Court in comparing the claimed design to the prior art. *See*, <u>In re Maatita</u>, 900 F.3d 1369, 1372 (Fed. Cir. 2018) (in a design patent, "the solid lines...show the claimed design, whereas the broken lines show structure that is not part of the claimed design"); 37 C.F.R. § 1.152 (design patent drawing regulations setting forth the same); <u>Door-Master Corp. v. Yorktowne, Inc.</u>, 256 F.3d 1308, 1313 (Fed. Cir. 2001) (noting that door pull depicted in broken lines was for illustrative purposes only and formed no part of the claimed design); *See*, Complaint Exhibit A, [Dkt. 14-2 under "DESCRIPTION" on first page of patents] ("The broken lines in the drawings depict portions of the string trimmer handle that form no part of the claimed design."). Following, Plaintiff's Patents only claim the specific narrow design shown in solid lines in the patent drawings, which depict a very simple design with minimal ornamentation for both of the asserted patents.

Defendant has identified prior art which raises substantial questions regarding the validity of both the '348 and '372 Patents and makes them vulnerable to being invalidated as anticipated and/or obvious. A patent claim is invalid as anticipated if "the invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of a claimed invention." 35 U.S.C. § 102. In <u>International Seaway Trading Corp. v. Walgreens Corp.</u>, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009), the Federal Circuit held that the ordinary

observer test, the test used for infringement, is "the sole test for anticipation." Id. The ordinary observer test calls for a determination to be made of whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other". Gorham Mfg. Co. v. White, 81 U.S. 511, 528 (1871); In re Samuels, 2024 WL 960931 at *1 (Fed. Cir. Mar. 6, 2024). A claim for anticipation requires that each and every claimed is found, either expressly or inherently, in a single prior art reference. Arbutus Biopharma Corp. v. ModernaTX, Inc., 65 F.4th 656, 662 (Fed. Cir. 2023).

Here, the designs claimed in Plaintiff's Patents are anticipated because a design that is substantially similar to the design claimed in the '348 and '372 Patents was disclosed in U.S. Patent No. 11,730,081 (the " '081 Patent"), which was effectively filed on May 24, 2018, more than one year before the '348 and '372 Patents' effective filing date of May 31, 2024. A true and correct copy of the '081 Patent is attached hereto as **Exhibit 1**. As shown in **Exhibit 2**, the appearance of the trimmer handle depicted in Figures 3, 11, and 12 of the '081 Patent is substantially the same as that claimed in the '348 and '372 Patents; with each of the designs depicting a straight round rod with a circular top and bottom arm protruding at a 90 degree angle from the top and bottom end of the straight round rod and forming a sharp, almost 90 degree elbow at their intersection point. **Exhibit 1**; Manual of Patent Examining Procedures ("MPEP") § 2125 ("drawings in a design patent can anticipate or make obvious the claimed invention as can drawings in utility patents. When the reference is a utility patent, it does not matter that the feature shown is unintended or unexplained in the specification. The drawings must be evaluated for what they reasonably disclose and suggest to one of ordinary skill in the art.") (emphasis added); Ex Parte Charles Thomas Daniels, 2014 WL 2466129 (P.T.A.B. May 30, 2014) (same). To the extent that Plaintiff argues that it is unclear whether the circular top and bottom arms of the trimmer handle shown in Figs. 3, 11, and 12 run

parallel to one another or protrude out at a 90-degree angle, that argument fails because the specification discloses and even claims embodiments where the top circular arm (the ergonomic shaft) runs parallel to the bottom circular arm (claiming shaft) and where top circular arm (the ergonomic shaft) and the bottom circular arm (clamping shaft) run perpendicular to the straight shaft. *See*, **Exhibit 1** (claims 5, 9, 10, 15); Col:3:17-20 ("In other embodiments in accordance with this aspect, each of the clamping shaft and the ergonomic shaft may be positioned perpendicular to the shaft extending between the clamping shaft and the ergonomic shaft.").

Furthermore, to the extent that Plaintiff raises the argument, Plaintiff cannot exclude a finding that the trimmer handle depicted in Figures 3, 11, and 12 of the '081 Patent is not substantially the same because it has a different clamping mechanism on the bottom arm or grip on the top arm because both of these features are drawn in broken lines and "are for the purposes of showing environmental structure and form no part of the claimed design." 37 C.F.R. § 1.15 (emphasis added). Moreover, while none can be discerned by Defendant, to the extent Plaintiff argues that there are some minor or trivial differences between the claimed designs and the design disclosed in Figures 3, 11, and 12 of the '081 Patent, those differences would not prevent a finding of anticipation. Intl. Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1243 (Fed. Cir. 2009) ("Just as "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement, so too minor differences cannot prevent a finding of anticipation.") (internal citations omitted).

The design claimed in Plaintiff's Patents is incredibly simple with just a handful of elements which could possibly deemed ornamental (i.e., the straight round rod, circular top and bottom arms protruding at a 90 degree angle from the ends of the straight round rod and forming a sharp elbow), however the '081 Patent discloses all of these features as well. Because the '081 Patent was publicly available more than one year before the '348 and '372 Patents' effective filing date of May 31, 2024,

(and thus qualifies as invalidating prior art), and discloses the exact same design that is claimed in both the '348 and '372 Patents, the '348 and '372 Patents are invalid, or, at the very least, vulnerable to being invalidated as anticipated. Plaintiff has not met its burden of showing a likelihood of success on the merits and Plaintiff's request for entry of a preliminary injunction should be denied in its entirety. Low Temp Industries, 2021 WL 6124455 at *4 ("If the trial court concludes there is a 'substantial question' concerning the validity of the patent, meaning that the alleged infringer has presented an invalidity defense that the patentee has not shown lacks substantial merit, it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue" and the preliminary injunction should not issue.

### III. Conclusion

With the benefit of adversary briefing, the Court can now see that Plaintiff's Patents are vulnerable to being invalidated, thus Plaintiff cannot meet their burden of showing that they are likely to succeed on the merits and their motion for entry of a preliminary injunction should be denied in its entirety.

Dated March 20, 2026

Respectfully Submitted,

/s/Brian Swift
Brian Swift
AU LLC (IL 6339735)
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
brians@au-llc.com
*Counsel for Defendant*