IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| XIAOQIAO WANG,<br><br>                *Plaintiff,*<br><br>    v.<br><br>SCHEDULE A DEFENDANTS,<br><br>                *Defendants.* | Civil Action No. 2:26-cv-343<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

On March 2, 2026, Plaintiff Xiaoqioa Wang ("Wang") filed a complaint (ECF No. 1) alleging that Defendants, specifically identified in Schedule A (ECF No. 14-8), infringed upon two of his patents: U.S. Patent Nos. D1,074,348 ("'348 Patent") and D1,074,372 ("'372 Patent"). Copies of both patents are attached at ECF No. 14-2. Wang's patents embody a design for an ergonomic handle that a user may attach to a string trimmer. Wang also filed an *ex parte* motion for temporary restraining order. (ECF No. 12). The Court granted the motion and issued a temporary restraining order ("TRO"). (ECF No. 18). A hearing on Wang's request for a preliminary injunction was scheduled for April 1, 2026.[1] (ECF No. 34).

Between the time the Court issued the TRO and the hearing on the motion for a preliminary injunction, Wang resolved his claims as to all Defendants except one—Defendant Zamazi. Zamazi filed an opposition to Wang's motion arguing that a preliminary injunction is

---

[1] Although Wang's motion for a TRO requested an order to show cause why a preliminary injunction should not issue, and the Court scheduled a hearing on the same, Wang did not formally file a separate motion until April 2, 2026, after the hearing and the parties' briefing on the issue. (ECF No. 53).

not appropriate because the '348 and '372 Patents are vulnerable to being invalidated. (ECF No. 46). It argues that the designs claimed by Wang's patents are anticipated by a design claimed in U.S. Patent No. 11,730,081 ("'081 Patent") over one year before Wang's patents were issued. Wang counters that there are substantial differences between the '081 Patent and his patents. (ECF No. 51).

For the reasons set forth below, the Court finds that Wang's patents are vulnerable to being invalidated. Wang has not demonstrated a reasonable likelihood of success on the merits as needed to obtain preliminary injunctive relief. Therefore, the requested preliminary injunction will be denied and the TRO will be dissolved.

## I. ANALYSIS

Wang seeks to convert the TRO entered against Zamazi into a preliminary injunction. In determining whether to issue a preliminary injunction, the Court considers the following four factors: "(1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest." *Abbott Labs. v. Andrx Pharms., Inc.*, 473 F.3d 1196, 1200–01 (Fed. Cir. 2007) (citations omitted). "These factors, taken individually, are not dispositive; rather, the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988) (citation omitted). However, as explained by the Federal Circuit, "case law and logic both require that a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, i.e., likelihood of success on the merits and irreparable harm." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (emphasis

included) (citation omitted); *see also Reebok Inter. Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) (citing *Hybritech*, 849 F.2d at 1451, 1456) (same).

### A. An injunction may not issue if Wang cannot show a reasonable likelihood of success on the merits.

Zamazi contends that the preliminary injunction cannot issue because Wang has failed to establish a reasonable likelihood of success on the merits. To obtain a preliminary injunction, "a patent holder must establish a likelihood of success on the merits both with respect to validity of its patent and with respect to infringement of its patent." *Hybritech*, 849 F.2d at 1451. Zamazi takes aim at the validity of Wang's patents. Specifically, it claims that Wang's '348 and '372 Patents are vulnerable to a finding of invalidity because they were anticipated by the earlier '081 Patent.

### 1. Burden of Proof for Vulnerability

Under 35 U.S.C. § 282, "'a patent is presumed valid, and this presumption exists at every stage of the litigation.'" *Sanofi–Synthelabo v. Apotex*, 470 F.3d 1368, 1375 (Fed. Cir. 2006) (quoting *Canon Computer Sys., Inc. v. Nu–Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998)). However, this presumption is not a substantive rule but a procedural device that serves to assign the burden of proof during litigation. *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1147 n.2 (Fed. Cir. 1983). As § 282 makes clear, "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282(a). Notwithstanding, "in resisting a preliminary injunction, [ ] one need not make out a case of actual invalidity. Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial." *Amazon*, 239 F.3d at 1359. In other words, "a showing of a substantial question of invalidity requires less proof than the clear and convincing evidence standard to show actual invalidity." *Erico Int'l Corp. v. Vutec Corp.*, 516 F.3d 1350, 1356 (Fed.

3

Cir. 2008) (citing *Amazon*, 239 F.3d at 1358).  An accused infringer "need not make out a case of actual invalidity" to avoid a preliminary injunction but need only show a substantial question of invalidity.  *Amazon.com*, at 1359.  If challenged, a patentee must show it will likely withstand the challenges to the validity of the patent to obtain a preliminary injunction.  *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009).

### 2.    Zamazi has carried its burden of showing that the '348 and '372 Patents are vulnerable.

Zamazi argues that Wang's patents are vulnerable to a finding of invalidity because they are anticipated by prior art in the '081 Patent.  It argues that "the '081 Patent is substantially the same as that claimed in the '348 and '372 Patents; with each of the designs depicting a straight round rod with a circular top and bottom arm protruding at a 90 degree angle from the top and bottom end of the straight round rod and forming a sharp, almost 90 degree elbow at their intersection point." (ECF No. 46, p. 5).  Wang counters that the prior art for the '081 Patent does not anticipate his patents.  (ECF No. 51).  First, he notes that the prior art for the '081 Patent discloses a curved arm (see figure below) whereas the art for the '348 and '372 Patents depict a straight arm.  Wang offered the following comparison of the prior art and the patents at issue:



| The **curved** Shaft shown in the alleged prior art. | The **straight** Shaft shown in Plaintiff's '348 Patent |
| --- | --- |

(ECF No. 51, p. 2). To the extent that prior art in the '081 Patent includes an illustration of a straight arm (see figure below), Wang contends that it does not anticipate his patents because the straight bar is angled with respect to the trimmer attachment, rather than at a perpendicular 90 degree angle.



Fig. 11 shows a top view of the device in Fig. 3

(ECF No. 51, p. 4).

Whether a patent was anticipated by prior art is a question of fact. *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237 (Fed. Cir. 2009). In determining whether prior art anticipates a claimed patent, the ordinary observer test is used. *Id.* at 1240. The ordinary observer test provides: "if, in the eye of an ordinary observer, giving such attention

6

as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1289 (Fed. Cir. 2024) (citation omitted). This standard relates to the statutory standard for the grant of a design patent:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

35 U.S.C. § 103. As the United States Court of Appeals for the Federal Circuit has explained:

> The 'ordinary observer' test for design patent infringement requires the fact finder to 'compar[e] similarities in overall designs, not similarities of ornamental features in isolation.' This test is performed from the perspective of a hypothetical ordinary observer who is familiar with the designs in the prior art. Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law. If the claimed and accused designs are not plainly dissimilar, the inquiry may benefit from comparing the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art.

*Range of Motion Prods., LLC v. Armaid Co. Inc.*, 166 F.4th 981, 991 (Fed. Cir. 2026) (internal citations omitted).

Having reviewed the '348 and '372 Patents from the perspective of an ordinary observer, the Court holds that they are vulnerable to a finding of invalidity. As explained above, a determination of vulnerability at the preliminary injunction stage is a lesser standard than required to establish invalidity at trial. The Court holds that Zamazi has demonstrated vulnerability based on anticipation by the prior art of the '081 Patent. Conversely, Wang has failed to show that it will likely withstand the validity challenge. *Titan Tire*, 566 F.3d at 1377.

7

Using the ordinary observer test, the Court finds that the prior art of the '081 Patent is sufficiently similar to Wang's patents to confuse a hypothetical ordinary observer. The prior art is not "sufficiently distinct" and "plainly dissimilar." *Range of Motion Prods., LLC*, 166 F.4th at 991. Indeed, as demonstrated above, there is no dispute that prior art in the '081 Patent includes a design for a string trimmer handle with a straight arm—just like the '348 and '372 Patents. The only asserted difference between the straight-arm prior art and the patents at issue is that the main arm does not attach to the smaller handle and attachment-bearing arm at a perfect 90 degree angle, but rather, is slightly angled. The Court finds, as a matter of fact, that this is not a meaningful difference under the ordinary observer test. Rather, the Court finds that "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, [the] two designs are substantially the same." *LKQ Corp.*, 102 F.4th at 1289. In the Court's estimation, "the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.* The Court finds, at this preliminary stage of the litigation, that the '348 and '372 Patents are vulnerable to a finding of invalidity due to anticipation in the '081 Patent's prior art. As such, Wang has not demonstrated a reasonably likelihood of success on the merits and his motion must be denied.

## II.    CONCLUSION

By order to follow, Wang's motion for preliminary injunction will be denied and the TRO dissolved as to Zamazi.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4/13/26
Dated

8